IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  20-cr-419 |
| v. | : | DATE FILED: |
| THOMAS ROBERTSON | : | VIOLATIONS: |
| a/k/a Steven Hall | | 18 U.S.C. § 1344(2) (bank fraud - 3 counts) |
| | : | 18 U.S.C. § 1014 (false statements on loan |
| | | applications -2 counts) |
| | : | 18 U.S.C. § 1341 (mail fraud – 4 counts) |
| | | 18 U.S.C. § 1028A (aggravated identity theft |
| | : | – 4 counts) |

## SUPERSEDING INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

At all times material to this superseding indictment:

1.    Sun East Federal Credit Union was a financial institution, the deposits of which were insured by the National Credit Union Share Insurance Fund ("NCUSIF").

2.    From on or about July 11, 2018 through on or about October 19, 2018, in the Eastern District of Pennsylvania, defendant

**THOMAS ROBERTSON,**
**a/k/a Steven Hall,**

knowingly executed and attempted to execute a scheme to obtain the money, credits, assets, securities, and other property owned by, and under the custody and control of, a financial

1

institution insured by the NCUSIF, namely Sun East Federal Credit Union, by means of false and

fraudulent pretenses, representations and promises.

## MANNER AND MEANS

3.      From on or about July 11, 2018 through on or about October 19, 2018,

defendant THOMAS ROBERTSON knowingly executed and attempted to execute a scheme to

use a false employment history, falsely overstated income information, and fake paystubs to

obtain loans and credit from Sun East Federal Credit Union.

4.      From on or about July 11, 2018 through on or about October 19, 2018,

defendant THOMAS ROBERTSON created fake paystubs reporting falsely overstated income

that were submitted to Sun East Federal Credit Union.

5.      On or about July 11, 2018, defendant THOMAS ROBERTSON submitted

a fraudulent loan application to Sun East Federal Credit Union in the name of R.R., seeking a

$15,000 personal loan.

6.      The loan application completed and submitted by defendant THOMAS

ROBERTSON falsely overstated R.R.'s monthly income.

7.      In support of the loan application, defendant THOMAS ROBERTSON

submitted two fake paystubs in the name of R.R. that falsely overstated her bi-weekly and year-

to-date income.

8.      On or about October 18, 2018, defendant THOMAS ROBERTSON

submitted a fraudulent loan application to Sun East Federal Credit Union seeking a $5,000

personal loan.

9.      The loan application completed and signed by defendant THOMAS

ROBERTSON falsely overstated his monthly income and falsely claimed that he had been

employed by his business since October 2015, when in fact he was federally incarcerated from before October 2015 until on or about May 1, 2017.

10.     In support of the loan application, defendant THOMAS ROBERTSON submitted two fake paystubs from his business that falsely overstated his bi-weekly and year-to-date income.

11.     On or about October 19, 2018, defendant THOMAS ROBERTSON submitted a fraudulent loan application to Sun East Federal Credit Union seeking a $2,500 personal loan.

12.     The loan application completed and signed by defendant THOMAS ROBERTSON falsely overstated his monthly income and falsely claimed that he had been employed by his business since October 2015, when in fact he was federally incarcerated from before October 2015 until on or about May 1, 2017.

All in violation of Title 18, United States Code, Section 1344.

3

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times material to this superseding indictment:

1.      The Pennsylvania State Employee's Credit Union was a financial institution, the deposits of which were insured by the National Credit Union Share Insurance Fund ("NCUSIF").

2.      "Steven Hall" was a fictitious identity with a fictitious birthdate and social security number invented by defendant THOMAS ROBERTSON in furtherance of the charged scheme.

3.      From in or about November of 2018 through in or about June of 2019, in the Eastern District of Pennsylvania, defendant

**THOMAS ROBERTSON,**
**a/k/a Steven Hall,**

knowingly executed and attempted to execute a scheme to obtain the money, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution insured by the NCUSIF, namely the Pennsylvania State Employee's Credit Union, by means of false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

4.      From in or about November of 2018 through in or about June of 2019, defendant THOMAS ROBERTSON knowingly executed and attempted to execute a scheme to use a false identity, a false employment history, falsely overstated income information, and fake paystubs to obtain loans and credit from the Pennsylvania State Employee's Credit Union.

5.      From in or about November of 2018 through in or about June of 2019, defendant THOMAS ROBERTSON created fake paystubs with falsely overstated income in his

4

name, as well as in the names of others including his alias "Steven Hall," which were submitted to the Pennsylvania State Employee's Credit Union.

6.     On or about November 6, 2018, defendant THOMAS ROBERTSON submitted a fraudulent loan application to the Pennsylvania State Employee's Credit Union seeking a $10,000 personal loan.

7.     The loan application completed and signed by defendant THOMAS ROBERTSON falsely overstated his annual income, and falsely claimed that he had been employed by his business since October 2015, when in fact he was federally incarcerated from before October 2015 until on or about May 1, 2017.

8.     On or about November 23, 2018, defendant THOMAS ROBERTSON submitted a fraudulent loan application to the Pennsylvania State Employee's Credit Union seeking a $5,000 personal loan.

9.     The loan application completed and signed by defendant THOMAS ROBERTSON falsely overstated his annual income, and falsely claimed that he had been employed by his business since January 2015, when in fact he was federally incarcerated from before January 2015 until on or about May 1, 2017.

10.    In support of the loan application, defendant THOMAS ROBERTSON submitted three fake paystubs from his business that falsely overstated his bi-weekly and year-to-date income.

11.    On or about November 27, 2018, defendant THOMAS ROBERTSON submitted a fraudulent loan application to the Pennsylvania State Employee's Credit Union seeking a $47,500 vehicle loan.

5

12.     The loan application completed and signed by defendant THOMAS
ROBERTSON falsely overstated his monthly and annual income, and falsely claimed that he had
been employed by his business since October 2015, when in fact he was federally incarcerated
from before October 2015 until on or about May 1, 2017.

13.     On or about December 3, 2018, defendant THOMAS ROBERTSON
submitted a fraudulent loan application to the Pennsylvania State Employee's Credit Union,
seeking a $5,000 increase to his November 23, 2018 personal loan.

14.     The loan application completed and signed by defendant THOMAS
ROBERTSON falsely overstated his monthly and annual income, and falsely claimed that he had
been employed by his business since October 2015, when in fact he was federally incarcerated
from before October 2015 until on or about May 1, 2017.

15.     On or about February 17, 2019, defendant THOMAS ROBERTSON used
the false identity "Steven Hall" to submit a fraudulent loan application to the Pennsylvania State
Employee's Credit Union, seeking a $2,000 personal loan.

16.     The loan application completed and signed by defendant THOMAS
ROBERTSON falsely overstated his monthly and annual income, and falsely claimed that he had
been employed since April 2009, when in fact he was federally incarcerated from in or about
December 2010 until on or about May 1, 2017.

17.     In support of the loan application, defendant THOMAS ROBERTSON
submitted three fake paystubs that falsely overstated his bi-weekly and year-to-date income.

18.     On or about March 12, 2019, defendant ROBERTSON used the false
identity "Steven Hall" to submit a fraudulent credit card application to the Pennsylvania State
Employee's Credit Union, seeking a credit card with a $2,000 credit limit.

19.    The credit card application completed and signed by defendant THOMAS ROBERTSON falsely overstated his monthly and annual income and falsely claimed that he had been employed since April 2009, when in fact he was federally incarcerated from in or about December 2010 until on or about May 1, 2017.

20.    In support of the credit card application, defendant THOMAS ROBERTSON submitted two fake paystubs that falsely overstated his bi-weekly and year-to-date income.

21.    On or about April 4, 2019, defendant THOMAS ROBERTSON used the false identity "Steven Hall" to submit a fraudulent loan application to the Pennsylvania State Employee's Credit Union, seeking a $3,000 increase to his February 17, 2019 personal loan.

22.    The loan application completed and signed by defendant THOMAS ROBERTSON falsely overstated his monthly and annual income, and falsely claimed that he had been employed since April 2009, when in fact he was federally incarcerated from in or about December 2010 until on or about May 1, 2017.

23.    On or about April 19, 2019, defendant THOMAS ROBERTSON used the false identity "Steven Hall" to submit a fraudulent loan application to the Pennsylvania State Employee's Credit Union, seeking an approximate $4,578.94 increase to his February 17, 2019 personal loan.

24.    The loan application completed and signed by defendant THOMAS ROBERTSON falsely overstated his monthly and annual income, and falsely claimed that he had been employed since April 2009, when in fact he was federally incarcerated from in or about December 2010 until on or about May 1, 2017.

25.     On or about May 6, 2019, defendant THOMAS ROBERTSON used the false identity "Steven Hall" to submit a fraudulent loan application to the Pennsylvania State Employee's Credit Union, seeking a $5,000 personal loan.

26.     The loan application completed and signed by defendant THOMAS ROBERTSON falsely overstated his monthly and annual income, and falsely claimed that he had been employed since January 2010, when in fact he was federally incarcerated from in or about December 2010 until on or about May 1, 2017.

27.     On or about May 21, 2019, defendant THOMAS ROBERTSON used the false identity "Steven Hall" to submit a fraudulent application in the name of "Steven Hall" to the Pennsylvania State Employee's Credit, in which he sought a $3,000 credit increase on the credit card he had obtained on or about March 12, 2019.

28.     The credit card application completed and signed by defendant THOMAS ROBERTSON falsely overstated his monthly and annual income, and falsely claimed that he had been employed since January 2010, when in fact he was federally incarcerated from in or about December 2010 until on or about May 1, 2017.

29.     In support of the credit card application, defendant THOMAS ROBERTSON submitted two fake paystubs that falsely overstated his bi-weekly and year-to-date income.

30.     On or about June 20, 2019, defendant THOMAS ROBERTSON used the false identity "Steven Hall" to submit a fraudulent application to the Pennsylvania State Employee's Credit, in which he sought a $3,474 increase on the loan he had obtained on or about May 6, 2019.

31.    The loan application completed and signed by defendant THOMAS

ROBERTSON falsely overstated his monthly and annual income, and falsely claimed that he had

been employed since January 2010, when in fact he was federally incarcerated from in or about

December 2010 until on or about May 1, 2017.

32.    In support of the credit card application, defendant THOMAS

ROBERTSON submitted fake paystubs that falsely overstated his bi-weekly and year-to-date

income.

All in violation of Title 18, United States Code, Section 1344.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times material to this superseding indictment:

1.     Medallion Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

2.     On or about January 9, 2019, in the Eastern District of Pennsylvania, the defendant

**THOMAS ROBERTSON,**
**a/k/a Steven Hall,**

knowingly made and caused to be made, to Medallion Bank, false statements for the purpose of influencing the actions of the financial institution, in that defendant ROBERTSON submitted two fake paystubs in his name that falsely overstated his bi-weekly and year-to-date income, knowing that the statements were false, for the purpose of obtaining a $10,000 loan.

All in violation of Title 18, United States Code, Section 1014.

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times material to this superseding indictment:

1.       Ally Financial, which is owned by Ally Bank, is a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

2.       On or about April 27, 2019, in the Eastern District of Pennsylvania, the defendant

### THOMAS ROBERTSON,
### a/k/a Steven Hall,

knowingly made and caused to be made, to Ally Financial, false statements for the purpose of influencing the actions of the financial institution, in that defendant ROBERTSON falsely overstated his monthly income and length of employment, knowing that the statements were false, for the purpose of obtaining a $40,890.70 loan.

All in violation of Title 18, United States Code, Section 1014.

11

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times material to this superseding indictment:

1.      Xceed Financial Credit Union was a financial institution, the deposits of

which were insured by the National Credit Union Share Insurance Fund ("NCUSIF").

2.      From on or about December 25, 2018 through on or about January 23,

2019, in the Eastern District of Pennsylvania, defendant

### THOMAS ROBERTSON,
### a/k/a Steven Hall,

knowingly executed and attempted to execute a scheme to obtain the money, credits, assets,

securities, and other property owned by, and under the custody and control of, a financial

institution insured by the NCUSIF, namely Xceed Financial Credit Union, by means of false and

fraudulent pretenses, representations and promises.

### MANNER AND MEANS

3.      From on or about December 25, 2018 through on or about January 23,

2019, defendant THOMAS ROBERTSON knowingly executed and attempted to execute a

scheme to use a false employment history and falsely overstated income information to obtain

loans and credit from Xceed Financial Credit Union.

4.      On or about December 25, 2018, defendant THOMAS ROBERTSON

submitted a fraudulent loan application to Xceed Financial Credit Union seeking a $5,000 loan.

5.      The loan application completed and signed by defendant THOMAS

ROBERTSON falsely overstated his monthly income and falsely claimed that he had been

employed by his business since October 2015, when in fact he was federally incarcerated from

before October 2015 until on or about May 1, 2017.

12

6.      On or about January 4, 2019, defendant THOMAS ROBERTSON submitted a fraudulent loan application to Xceed Financial Credit Union seeking a credit card with a $10,000 credit limit.

7.      The loan application completed and signed by defendant THOMAS ROBERTSON falsely overstated his monthly income and falsely claimed that he had been employed by his business since January 4, 2016, when in fact he was federally incarcerated from before January 2016 until on or about May 1, 2017.

8.      On or about January 23, 2019, defendant THOMAS ROBERTSON submitted a fraudulent loan application to Xceed Financial Credit Union seeking a $62,000 loan.

9.      The loan application completed and signed by defendant THOMAS ROBERTSON falsely overstated his monthly income and falsely claimed that he had been employed by his business since January 23, 2016, when in fact he was federally incarcerated from before January 2016 until on or about May 1, 2017.

All in violation of Title 18, United States Code, Section 1344.

## COUNTS SIX THROUGH NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times material to this superseding indictment:

1.     Experian PLC ("Experian") was a consumer credit reporting agency ("CRA"), also known as a credit bureau, that did business in the Eastern District of Pennsylvania and elsewhere.

2.     Experian was one of three major credit bureaus in the United States, the others being Equifax and TransUnion. Like Equifax and TransUnion, Experian collected and maintained consumer credit information and sold that information to other businesses in the form of credit reports. Experian also assigned credit scores to consumers, based on the consumers' history of incurring and repaying debt: consumers with records of repaying their debts were given higher credit scores than consumers with records of not repaying their debts. Lenders such as banks, credit unions, and credit card companies rely on the credit scores assigned to consumers by the CRAs when assessing whether to extend credit to consumers.

3.     Experian's business practices were governed by the federal Fair Credit Reporting Act (FCRA). The FCRA entitles individual consumers to know what information is contained in their credit reports and to dispute information that they believe is inaccurate. The FCRA also provides protections for individuals who suspect they have been or may soon become victims of identity theft. Such individuals can report the alleged identity theft to the CRA and dispute one or more of the debts identified on their credit reports. A CRA that receives such a claim must promptly notify the other CRAs of the disputed debt. Additionally, if the consumer provides the CRA with some type of identity theft report, the CRA must "block" the challenged debt from the consumer's credit report within four business days. The CRA also must notify

14

whichever "data furnisher" had reported the unpaid debt of the identity theft claim and give the data furnisher an opportunity to investigate and respond to it. There are provisions in the FCRA that permit a CRA to restore the debt to a consumer's credit report if it learns that the consumer's identity theft claim was false. Often, however, the identity theft claims are unchallenged, and the CRA keeps the debt off the consumer's credit report. It is more difficult for data furnishers and their third-party collection agencies to collect on a legitimate debt that has been stricken from a consumer's credit report due to a claim of identity theft.

4.      From in or about October of 2018 through in or about April of 2019, in the Eastern District of Pennsylvania, defendant

**THOMAS ROBERTSON,**
**a/k/a Steven Hall,**

knowingly executed a scheme to defraud individuals, and their creditors and prospective lenders, out of money and property, by means of false and fraudulent pretenses, representations and promises.

**MANNER AND MEANS**

It was part of the scheme that:

5.      Defendant THOMAS ROBERTSON told customers, friends, and family members that he had the ability to improve their credit scores, sometimes for a monetary fee. In furtherance of these efforts, defendant ROBERTSON collected the personal identifying information of these individuals, such as their names, dates of birth, and social security numbers, as well as information about their outstanding debts.

6.      Defendant THOMAS ROBERTSON submitted letters alleging false claims of identity theft to Experian on behalf of these individuals in a fraudulent attempt to have debts removed from their credit reports. These individuals did not tell defendant ROBERTSON

that they had been victims of identity theft, nor did they otherwise suggest to defendant
ROBERTSON that they had been victims of fraud.

7.      Defendant THOMAS ROBERTSON used the individuals' personal
identifying information to create fictitious identity theft reports on behalf of those individuals.

8.      The false identity theft reports included what appeared to be Philadelphia
Police Department complaint reports that are known in the department as "Form 75-48s."

9.      Defendant THOMAS ROBERTSON created fraudulent Form 75-48s for
the individuals who engaged him to improve their credit scores, to make it appear as if these
individuals had reported to the Philadelphia Police Department that they had been victims of
identity theft. In reality, these individuals were not victims of identity theft and did not file
claims of identity theft with the police.

10.     In support of these false claims of identity theft, defendant THOMAS
ROBERTSON submitted the fake Form 75-48s to Experian along with the letters alleging false
claims of identity theft.

11.     In total, defendant THOMAS ROBERTSON submitted fraudulent claims
of identity theft to Experian on behalf of at least eight different customers, friends, and family
members. These fraudulent claims reported as illegitimate dozens of legitimate debts that had
been reported to Experian from various data furnishers across the United States of America,
many of which were deleted by Experian due to defendant ROBERTSON's fraudulent claims.

12.     By fraudulently causing Experian to strike legitimate claims and make it
harder for creditors to collect on these claims, defendant THOMAS ROBERTSON acted for the
purpose of fraudulently preventing creditors from collecting money in the form of debts that
were due to them from defendant ROBERTSON's customers.

16

13.     Defendant THOMAS ROBERTSON charged certain customers of the scheme between $300 to $1,000 to improve their credit scores.

14.     By fraudulently improving his customers' credit scores and otherwise making the customers appear more credit-worthy than they really were, defendant THOMAS ROBERTSON acted for the purpose of fraudulently obtaining money in the form of loans from lenders to defendant ROBERTSON's customers.

15.     Defendant THOMAS ROBERTSON used the United States mail to transmit many of the fraudulent identity theft claims he submitted to Experian.  Defendant ROBERTSON included the fake Form 75-48s he created in many of these mailings.

16.     On or about each of the dates set forth below, in the Eastern District of Pennsylvania and elsewhere, defendant

**THOMAS ROBERTSON,**
**a/k/a Steven Hall,**

for the purpose of executing the scheme described above, knowingly caused to be transmitted by United States mail and private and commercial carriers the following documents, each mailing constituting a separate count:

| COUNT | DATE | FROM | TO | DESCRIPTION OF MAILING |
|---|---|---|---|---|
| SIX | February 26, 2019 | Philadelphia, Pennsylvania | Allen, Texas | Mailing to Experian alleging identity theft of victim G.R., with fake police report documentation |
| SEVEN | February 26, 2019 | Philadelphia, Pennsylvania | Allen, Texas | Mailing to Experian alleging identity theft of victim C.C., with fake police report documentation |

17

| COUNT | DATE | FROM | TO | DESCRIPTION OF MAILING |
|-------|------|------|-----|------------------------|
| EIGHT | March 5, 2019 | Philadelphia, Pennsylvania | Allen, Texas | Mailing to Experian alleging identity theft of victim K.G., with fake police report documentation |
| NINE | April 15, 2019 | Philadelphia, Pennsylvania | Allen, Texas | Mailing to Experian alleging identity theft of victim J.P., with fake police report documentation |

All in violation of Title 18, United States Code, Section 1341.

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES:**

On or about February 26, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, and elsewhere, defendant

### THOMAS ROBERTSON,
### a/k/a Steven Hall,

knowingly and without lawful authority possessed and used a means of identification of another

person, that is, the name, date of birth, and social security number of G.R., during and in relation

to mail fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(5).

19

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES:**

On or about February 26, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, and elsewhere, defendant

**THOMAS ROBERTSON,**
**a/k/a Steven Hall,**

knowingly and without lawful authority possessed and used a means of identification of another

person, that is, the name, date of birth, and social security number of C.C., during and in relation

to mail fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(5).

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES:**

On or about March 5, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, and elsewhere, defendant

### THOMAS ROBERTSON,
### a/k/a Steven Hall,

knowingly and without lawful authority possessed and used a means of identification of another

person, that is, the name, date of birth, and social security number of K.G., during and in relation

to mail fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(5).

21

## COUNT THIRTEEN

**THE GRAND JURY FURTHER CHARGES:**

On or about April 15, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, and elsewhere, defendant

**THOMAS ROBERTSON,**
**a/k/a Steven Hall,**

knowingly and without lawful authority possessed and used a means of identification of another

person, that is, the name, date of birth, and social security number of J.P., during and in relation

to mail fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(5).

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     As a result of the violations of Title 18, United States Code, Sections

1344, 1341, and 1014, set forth in this superseding indictment, defendant

### THOMAS ROBERTSON,
### a/k/a Steven Hall,

shall forfeit to the United States of America any property constituting or derived from proceeds

obtained directly or indirectly as the result of such offenses; including but not limited to the sum

of $148,016.39.

2.     If any of the property described above, as a result of any act or omission

of the defendant:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided
           without difficulty,

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of the defendant up to the value of the property subject to forfeiture.

23

All pursuant to Title 18, United States Code, Section 982(a)(2)(A).

A TRUE BILL:

**FOREPERSON**

**JENNIFER ARBITTIER WILLIAMS**
**United States Attorney**

No. *20-cr-419*

---

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

---

**THE UNITED STATES OF AMERICA**

**vs.**

**THOMAS ROBERTSON**
**a/k/a "Steven Hall"**

---

SUPERSEDING INDICTMENT

Counts

18 U.S.C. § 1344(2)-(Bank Fraud)-3 counts
18 U.S.C. § 1014-(False Statements on Loan Applications)-2 counts
18 U.S.C. § 1341-(Mail Fraud)-4 counts
18 U.S.C. § 1028A-(Aggravated Identify Theft)-4 counts

---

Filed in open court this _____ day,
Of _____ A.D. 20 _____

Clerk

---

Bail, $ _____